Archibald C. Wemple, J.
Action was commenced by the plaintiff-appellant for rent due on premises known as 1697 Van Vranken Avenue, Schenectady, New York, for the months of April, May, June and July, 1952, asking for a judgment in the amount of $220. The defendant-respondent entered a general denial. Trial was held in the Schenectady City Court on July 16, 1957 before the Hon. Chatpield T. Bates, without a jury. Judge Bates, in a decision dated July 18, 1957, made certain findings upon which the judgment aforesaid was based.
On the day of the trial the plaintiff-appellant ’s counsel moved to amend the complaint by deleting the word “April” and adding after the word “ July ” the word “ August ” in paragraph 6 thereof, claiming that rent was due for the month of August rather than April. This was opposed by the defendant-respondent’s counsel as untimely and a “ surprise.” The court reserved, and later denied, this motion. The trial court correctly ruled on this matter in its decision.
The record in this case has been carefully reviewed. The only witnesses testifying were the plaintiff landlord and the defendant tenant. It is the landlord’s word against the tenant’s word, and vice versa. The testimony herein is a classic illustration that the memory of man as to past facts and remote events is short-lived and cloudy. The two principals contradict each other as to certain vital legal points, such as date of quitting the premises and payments of rent; but also, on these very same points, they contradict themselves. The teeti *658 mony of each witness is vague and confused. The exhibits received in evidence were helpful, but they were not conclusive as to rental payments since the checks did not specify the rental period of time covered by each such payment.
Out of all this testimony, the lower court found that there was no rent due at all by the tenant to the landlord. The lower court was the trier of the facts, heard the witnesses and drew his conclusions therefrom. This court, on appeal, is not disposed to disturb the decision.
From the record, this court finds that there is testimony to support the conclusion that the plaintiff landlord and the defendant tenant had mutually agreed on a termination date of tenancy to be June 1, 1952 and that the tenancy was actually terminated on that date. If there was a meeting of minds on the termination date, the giving or receiving of notice to terminate by either the landlord or tenant became unnecessary. There was evidence to support the conclusion that rent was paid through the month of May, 1952; and that the plaintiff landlord permitted the defendant tenant to store temporarily a rug and Venetian blinds after the termination date; but that such partial occupancy by consent was not a “ hold-over,” renewing the month-to-month tenancy for an additional period.
The burden of proof was upon the plaintiff-appellant to establish occupancy and/or liability for rental for the months of April, May, June and July. Proof failed as to the months of April and May, 1952 and the proof offered for the months of June and July, 1952 was at best inconclusive. The findings of the court below, under the circumstances, should he sustained.
The verdict in favor of the defendant-respondent of no cause of action and judgment for $22 is hereby affirmed. Submit order.